WILLIAM M. WICKER ET AL. v. ROSWELL E. MESSINGER ET AL.

1. PLEADINGS—CONSIDERATION OF ON MOTION FOR JUDGMENT.

Upon a motion for judgment on the ground that the petition does not aver sufficient facts to entitle plaintiff to recover, the court will consider the petition as it would consider it if submitted upon general demurrer.

2. CONTRACTS—PLEADING—ARCHITECTS' REFUSAL TO FURNISH CERTIFICATES.

Where a building contract specifies that "all payments shall be made upon written certificates of the architects to the effect that such payments have become due," an averment in a petition, in an action for an unpaid balance on such contract, that the architects of the building at the express direction and request of the owners, have failed, neglected, and refused to furnish plaintiffs with further certificates, is equivalent to an averment that the architects, at the express direction and request of the defendants, and wholly on that account, refused the certificates, and that there was no reason or justification in the facts for such refusal, and is sufficient to entitle plaintiff to recover under the rules laid down in Ashley v. Henahan, 56 Ohio St. 559, especially where no motion was made to make more definite and certain.

3. ORDER PERMITTING AMENDMENT SUBJECT TO REVIEW.

Under Sec. 5114, Rev. Stat., a petition may be amended to conform to the facts as found by the jury in special findings, after the expiration of the three days, within which a motion for a new trial may be filed, and although no motion for a new trial was made. In making such amendment the court proceeds as if the evidence was then before it, precisely as if the evidence were then repeated, and the order is subject to review on error.

4. PRESUMPTION AS TO REGULARITY OF ORDER.

The authority under Sec. 5114, Rev. Stat., to allow amendments in the interests of justice, is broad, and in the absence of evidence to the contrary, a reviewing court will assume that the court was justified by the evidence in permitting the amendment; and if a party, by failing to make a motion for a new trial, is prevented from presenting the question to a reviewing court, it is his misfortune; he should not, if such motion is required, rely entirely on the special findings.

5. GENERAL VERDICT AND SPECIAL FINDINGS.

A general verdict should stand unless the special findings are necessarily repugnant to it.

6. FINDINGS NOT INCONSISTENT WITH VERDICT.

In an action on a building contract providing that payment shall be made upon architects' certificates in which the petition contains allegations that the architects, without justification, refused to furnish such certificates, a general verdict for the plaintiff is not inconsistent with special findings that the architects refused to furnish the certificates and that the reason for such refusal was "not satisfied with the work," inasmuch as such findings are not inconsistent with a determination by the jury that the view entertained by the architects was not justified by the facts.

HEARD ON ERROR.

*Swayne, Hayes & Tyler*, for plaintiff in error.

*King & Tracy*, for defendants in error.

PARKER, J.

This is a proceeding in error brought to obtain the reversal of the judgment of the court of common pleas. The action in the court below was by Messinger and Hull, building contractors, against Wicker, to recover under a contract for the building of a certain structure in this city now occupied by the Lincoln club, and to recover as well for extras not provided for in the contract; the first cause of action setting forth that the amount to be paid for the construction of the building was $8,598; that plaintiff had finished the building, but that there was still an unpaid balance due them under this contract of $1,589.20.

They set forth in the petition a copy of the contract, which contains a provision that the payments "shall be paid in current funds by the owner to the contractor in installments as follows: Payments shall be made upon the architect's estimates. The final payment shall be made within thirty days after this contract is fulfilled. All payments shall be made upon written certificates of the architects to the effect that such payments have become due."

There is no averment in the petition that the plaintiffs had received from the architects a certificate for this $1,589.20, or any part of it, but the petition upon that subject contains this averment: "That since the making and payment of said estimate of November 29, 1898, (which was the last payment actually made,) the architects of said building, at the express direction and request of said defendants, and said defendants wholly without reason therefor, have failed, neglected and refused, and fail, neglect and refuse to furnish plaintiffs with further certificates of estimates for materials furnished and labor performed upon and toward the construction and completion of said building, although plaintiffs duly requested and demanded that such certificates of estimates should be made and furnished to them, and said defendants have failed, neglected and refused, and fail, neglect and refuse to pay plaintiffs the balance of said contract price, to-wit, the sum of $1,589.20, although payment thereof

has been duly demanded from said defendants by plaintiffs, and the amount is due," etc. That is the first cause of action.

The second cause of action is for extras.

No remarks need be made upon the third cuase of action, since there is no controversy respecting the matters therein stated.

To this petition the defendants filed an answer in which they make various denials and among them these:

"They deny that plaintiffs ever duly complied with or performed all the terms or conditions of said contract on their part to be complied with or performed; and

"They deny that these answering defendants, or either of them, ever directed or requested the architects of said building to neglect or refuse to furnish plaintiffs with estimates for materials furnished or labor performed for the construction of said building."

A reply was filed, which does not change the issues with respect to these questions that are made by the petition and the answer.

Upon these pleadings the defendants moved for a judgment, insisting that the petition did not aver sufficient to entitle the plaintiffs to recover; that it should have averred either that the architects had furnished these certificates or estimates or that they had fraudulently, or wrongfully, or wilfully and unreasonably withheld such certificates; that it was not sufficient that they had withheld them at the express direction and request of said defendants, for it is urged that even though they may have withheld them at the request and direction of defendants, and although the defendants may have had no reason to make such request, yet the architects may have had good and sufficient reasons, aside from this, which would justify them under the contract in withholding the certificates or estimates.

The case of Ashley v. Henahan, 56 Ohio St. 559 [47 N. E. Rep. 573], is brought to our attention by counsel for plaintiffs in error and very much relied upon. In that case the contract contained a provision that "the architect shall certify in writing, that all the work upon the performance of which the payment is to become due, has been done to his satisfaction." And the evidence in the case disclosed that that had not been done by the architect and that there was nothing in the case to show any waiver of that provision. The court says:

"Had the plaintiff shown that he had made application to the architect for the requisite certificates, and that he had obstinately and unreasonably refused to certify, he might then have established his case by other evidence. As said in Smith v. Brady, 17 N. Y. 173: 'The parties have seen fit to make the production of such certificate a condition precedent to the payment. The plaintiff is as much bound by this part of his contract as any other. It is not enough for him to bring his action and say he has completed the work which he undertook to do. He has agreed that the architects named should decide whether the work is completed or not. He cannot now withdraw the decision of this question from them and refer it to the determination of a legal tribunal.' He might, however, as suggested above, on an averment supported by evidence that the architect had fraudulently or *unreasonably* refused his certificate, recover by showing a substantial performance of the work as required by the contract, but in the absence of such a showing against the architect, a recovery cannot be had without his certificate."

So that we are called upon to place a construction upon this averment and decide whether it is sufficient to bring the plaintiffs within

the requirements of the rules laid down in Ashley v. Henahan, *supra*. And we suppose that in passing upon this question we should consider the petition, upon an application or motion of this kind submitted to the court, as if it had been demurred to. If it is sufficient to stand against a general demurrer, it is sufficient to justify the court in refusing the motion to allow a judgment upon the pleadings. No motion having been made to require an amendment of this pleading, to make it definite or certain in any respect in which it might seem to be somewhat indefinite and uncertain, and it having been submitted in this way, as it stood, we are of the opinion that it should receive such liberal construction as would be given it if a general demurrer had been filed, and, so considering it, we conclude that the averment that the architects of the building, at the express direction and request of the defendants, refused the certificates of estimates, and that the defendants in making this request proceeded wholly without reason therefor, is equivalent to an averment that the architects had no other reason for refusing the certificates than the request of the defendants, and that this request being without reason, therefore it follows that the refusal of the architects was without reason or justification; that it is equivalent to an averment that the architects of said building, at the express direction and request of said defendants and wholly on that account, refused the certificates, and that there was no reason or justification in the facts for such refusal.

We hold, therefore, that in overruling this motion for judgment upon the pleadings, the court of common pleas did not err. The case went to trial to a jury, which returned a general verdict in favor of the plaintiffs below, and also answered certain special interrogatories submitted on behalf or at the request of the defendants below. The defendants did not make a motion for a new trial; they seem to have been satisfied to stand upon these answers to the special interrogatories, being of the opinion that upon such answers they should have judgment in their favor notwithstanding the general verdict in favor of the plaintiffs; and they submitted a motion for a judgment upon the answers to the special interrogatories notwithstanding the general verdict. This motion was overruled.

About the time this motion was made, and after the three days had expired within which a motion for a new trial might have been made, the plaintiffs were given leave to amend their petition, which they proceeded to do by inserting an averment, in substance, that on or about January 28, 1899, the architects did in fact issue and deliver to the plaintiffs a certificate of estimate in writing for $2,000, but that this certificate never came into the hands of the plaintiffs; that it came into the hands of the defendants and was wrongfully withheld by them; and from the original petition they struck out the words "that since the making and payment of said estimate of November 29, 1898," and inserted in lieu thereof "that since the making of said certificate of January 26, 1899," so that the averment is that the certificate for $2,000, was issued, and that since January 26, 1899, the architects of the building, at the express direction and request of said defendants, wholly and without reason therefor, etc., have failed, neglected and refused to issue any further certificates or estimates.

Now it is complained by plaintiffs in error that this was prejudicial to them. This leave was given and this amendement made in pursuance of Sec. 5114, Rev. Stat., which provides that: "The court may, before or after judgment, in furtherance of justice, and on such terms as may

Wicker v. Messinger.

be proper, amend any pleading, process or proceeding, * * * by conforming the pleading or proceeding to the facts proved;'' and the journal setting forth that this amendment was permitted and made sets forth that the court did it or allowed it in order that the pleading might be made to comform to the facts proved. That it does comform to the facts proved, we are bound to so assume in the absence of any bill of exceptions showing the contrary, unless it shall appear from the answers to the special interrogatories that the jury have found that the facts were not proved in accordance with this averment. We do not understand that the court would be at liberty to allow an amendment which would contradict the express finding of the jury as to a fact in issue.

One of the grounds of complaint of the plaintiffs in error is, that this amendment was permitted by the court at a time when it was too late for them to file a motion for a new trial, the three days having expired within which it might have been filed, the argument being that in order to raise this question as to whether the court was justified in allowing this amendment, a motion for a new trial must be made and a bill of exceptions taken on the overruling of such motion. The view we take of the case may make it unnecessary for us to express an opinion upon this point, and what we may say may be regarded perhaps as *obiter dicta*, and yet we feel disposed to give our views upon this question.

Plaintiffs in error did not desire a new trial, but desired to rely upon the record as it stood at the time they made their motion for judgment on the special verdict. After it was too late to move for a new trial, the record was changed by order of permission of the court so that the plaintiffs in error believe that their position is not now as advantageous as it was before the amendment, and they say that this action of the court was not in the interest of justice, since it unjustly deprived them of this advantage and left them no means of redress unless a higher court shall hold it was erroneous.

The court, as we understand it, in allowing this amendment, proceeded upon the consideration of the evidence which was submitted to the jury upon the trial of the case, and therefore it proceeded as if the evidence was then before it on the granting of this motion, precisely as if the evidence were then repeated to it; and it is our opinion that if the plaintiffs in error believed that the court was not justified in allowing this amendment, because it was not in fact in accordance with the facts proved, it was competent for the plaintiffs in error to have then taken a bill of exceptions setting forth all the evidence in the case, not with a view of obtaining a new trial, since no motion for a new trial had been made, but with a view of submitting to this court, on error, the question whether or not the court was justified in making this order permitting the amendment; and to determine whether or not the court was justified by the evidence, it would be necessary to thus bring up the evidence and submit it to this court. If, upon reviewing that evidence, this court were of the opinion that the court below was not justified in allowing the amendment, then the order might be set aside and the plaintiffs in error would then be in the precise position with respect to the record that they were before the amendment was permitted, and they might then press upon the consideration of this court their right upon their original motion for judgment on the verdict, and the error of the court in overruling it; and this court upon holding that the order of the court below permitting the amendment was erroneous,

and not justified by the evidence, would proceed to consider the other question upon the record as it stood before the amendment was permitted and made.

So we cannot see that any prejudice resulted to the plaintiffs in error from presenting this motion for leave to amend, and allowing it after the expiration of the three days within which a motion for a new trial could have been made. In other words, it is our opinion that their right to present this question and the power of the court to consider it and to grant them all the relief which they desired upon it, would not be in any way hindered by the fact that the motion for a new trial was not made. But, if we are mistaken about this, still we are not prepared to hold that the court below would be prevented from allowing this amendment by the circumstance that the plaintiffs had failed to make a motion for a new trial within three days; in other words, the authority under Sec. 5114, Rev. Stat., to allow amendments in the interest of justice is broad, and should be, and, as I have said, we assume, in the absence of any showing to the contrary, that the court proceeded rightly and was justified by the evidence in making the order for the amendment, and if it so happens that the plaintiffs in error by failing to make a motion for a new trial are prevented from properly presenting this question to this court, that, we think, is their misfortune; that they should not, if such motion is required, rely entirely upon the special findings of fact, but they should make their motion for a new trial, and since the authority is in the trial court to allow an amendment to make a pleading conform to the evidence in the interests of justice, if they stand upon the special findings alone, they may stand upon a somewhat unfirm foundation, a foundation that may be taken out from under them by an order of the court making the record conform to the evidence; and they should understand that that is the character of their foundation, that the court has that power, that there is no provision of law that the court shall be limited in its exercise to the three days following the return of the verdict, and that, therefore, if a motion for a new trial is necessary in order that they may fairly present this question, they should make such motion, and it is their own fault and mistake if they fail to do it.

In our opinion, however, to dispose of the question that is presented here, it was not necessary to make such a motion. But, as I have said, this may be mere *dicta*, since we find ourselves able to dispose of this case without determining this question.

We look at the record as it stood before the amendment was made and do not find that the answers to the special interrogatories are so irreconcilable and so in conflict with the general verdict as to necessitate the setting aside of the general verdict and the entering of judgment upon the answers to the special interrogatories notwithstanding the general verdict.

I now call attention to those answers. Our attention is directed especially to the fourth, fifth and sixth interrogatories and the answers thereto:

The fourth reads: "Did the architects refuse to furnish an estimate for the balance claimed in the first cause of action of the amended petition, or any part thereof?" And the answer is "Yes."

Now that answer may mean that the architects had refused to furnish an estimate for the whole balance; or it may mean that they refused to return an estimate for some part only of that balance.

"Fifth. If the fourth question is answered affirmatively, what was the reason for said refusal?" The answer is: "Not satisfied with work."

"Sixth. If the fourth question is answered affirmatively, was such refusal without reason?" The answer is: "No."

To transpose the questions and answers we think will give a clearer idea of the intention or meaning of the jury in the answers.

"Sixth. If the fourth question is answered affirmatively, was such refusal without reason? A. "No."

"Filth. What was the reason for said refusal? A. Not satisfied with work."

And yet there is nothing in those answers finding or stating affirmatively that the architects were justified in their dissatisfaction with the work. The general verdict being in favor of the plaintiffs upon the first cause o action. (according to the answer to the thirteenth interrogatory: *i e.*, "What amount, if any, is due from the defendants to the plaintiffs, on the first cause of action of the amended petition? A. $1,136.01") we think that such general verdict taken in connection with these answers, is consistent with the view upon the part of the jury, that the architects were not justified in refusing a certificate for $1,136.01; that although the finding is that the ground the architects stood upon was that they were not satisfied with the work, and that was their reason for withholding of certificates, yet that is consistent with the determination upon the part of the jury that this view which the architects entertained was not justified by the facts, and that their refusal to give a certificate was, unreasonable; and, as is said by the Supreme Court in Ashley v. Henahan, *supra* if the architect shall unreasonably refuse his certificate the plaintiff may recover by showing a substantial performance of the work as required by the contract.

This interpretation or construction of the general verdict and the special findings is justified, and we think required, by the rules applicable to the construction of such returns by a jury. I call attention to Toledo Electric St. Ry Co. v. Bateman, 8 Circ. Dec. 220 (16 R. 162), where this rule is laid down:

"Where error is prosecuted on account of the trial court having overruled a motion for judgment on the answer to special interrogatories notwithstanding the general verdict, and where the evidence is not before the court of error, it will indulge every possible presumption in favor of the general verdict.

"The general verdict must prevail if reconcilable with the answers to the special interrogatories upon any state of facts provable under the issues in the case."

That decision was by this court, and in the discussion of the question we cited with approval a large number of decisions by the courts of last resort of other states, and especially of the state of Indiana, where this question seems to have been before the Supreme Court a great many times, in different forms. We think, therefore, that the answers to the special interrogatories were not necessarily repugnant to the general verdict, and that the general verdict may stand notwithstanding these answers.

It is also insisted that the general verdict is not consistent with the answer to the thirteenth, fourteenth and fifteenth interrogatories, in that it is for too large a sum.

The general verdict is in this form: "The jury empaneled in the above entitled action, for verdict find and say that we find for the plaintiffs in the sum of $1,927.80. C. H. Willard, Foreman."

It is common practice in some courts, where there is a set-off or counterclaim interposed, to have a general verdict respond directly and specifically to the respective claims of the parties: for instance, that there is so much due to the plaintiff on ·a certain cause of action, or upon the claim set forth in the·petition, and that there is so much due to the defendant upon the set-off or counterclaim, and that there is, therefore, a balance of so much due to the plaintiff or to the defendant, as the case may be; but that course was not pursued here, so that we have here simply a general verdict that is supposed to cover the balance due to the plaintiffs after taking into consideration the defendant's counterclaim. The counterclaim of the defendants, the plaintiffs in error, was on account of alleged defective work, and also on account of delay in the performance of the work, the contract providing that there should be a specified allowance per day, to be taken out of the contract price, for any delay beyond a certain period. It appears that there was a delay beyond this period in the finishing of this work, and the jury seem to have found that this delay was not justified, and it therefore finds, in answer to the fifteenth interrogatory, that there is $528.50 due from the plaintiffs to the defendants; the jury also finds in the thirteenth answer that there is $1,136.01 due to the plaintiffs from the defendants on the first cause of action; also in the fourteenth answer that there is $791.79, due from the defendants to the plaintiffs on the second cause of action.

Now if we add the amounts found due from the defendants to the plaintiffs, we find they equal the amount of the general verdict, to-wit, $1,927.80; but it is insisted that since it is found that there is also due from the plaintiffs to the defendants $528.50, that the jury has failed, in returning their general verdict, to deduct that from the·$1,927.80. It is contended, however, upon the part of the defendants in error that this $528.50 had already been deducted from the amount found due on the first cause of action. That the $1,136.01 represents the balance due from the defendants to the plaintiffs on the first cause of action; and we think that this contention is fairly established by the record. We have no bill of exceptions here from which we can determine anything, and there is nothing otherwise appearing in the record to indicate that there was any reason why the claim of the plaintiffs as set forth in their first cause of action, if they were entitled to recover at all, should not be allowed in full, except as reduced by the counterclaim. Taking the amount of that claim in full and deducting from it the $528.50 and then adding the interest which had accrued upon the remainder from the time it became due until the time the verdict was returned, would make substantially'the $1,136.01; and we believe that that is the way the jury must have proceeded in the case. In coming to this conclusion we must not forget that the jury substantially said so when it returned the general verdict in favor of the plaintiffs for the sum of $1,136.01 and $791.79, i. e., $1,927.80.

So we cannot find from any evidence presented affirmatively upon the face of this record that the jury made such a mistake in their general verdict as plaintiff in error contends was made, but rather, we think, the record shows that they returned the general verdict that they

intended to return, and that it is consistent with the answers to the special interrogatories.

Finding no error in the record, the judgment of the court of common pleas will be affirmed.